616 A.2d 749

**Robert J. WYMBS and Frank Buteau, Appellants,**

v.

**CONASHAUGH LAKES COMMUNITY ASSOCIATION, INC., Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1992.

Decided Oct. 21, 1992.

Steven D. Gladstone, for appellants.

Janet K. Marsh, for appellee.

Before PALLADINO and McGINLEY, JJ., and BARRY, Senior Judge.

McGINLEY, Judge.

Robert J. Wymbs and Frank Buteau (Plaintiffs) appeal from an order of the Court of Common Pleas of Pike County that denied their petition seeking a declaration that the 117 proxies they presented at the 1991 annual meeting of the Conashaugh Lakes Community Association (Association) were valid. We affirm.

Plaintiffs are two Association members in good standing. Membership in the Association is compulsory for all lot owners. On September 22, 1991, the Association held its annual meeting, at which Plaintiff Wymbs was a candidate for reelection to the Association's Board of Directors. Also up for a vote at this meeting were ten amendments to the Association's bylaws and the annual budget. The Association provides for voting by proxy. Section 3.4(c) of the Association's bylaws requires the Board of Directors to send out all proxy forms. The forms must be accompanied by the notice of each meeting to accommodate any member unable to attend and to facilitate the designation of another to exercise his or her proxy vote at the meeting.

Prior to the annual meeting, Plaintiffs prepared their own proxy forms and circulated these forms to the Association's members. Plaintiffs' proxy forms were neither adopted by the Board of Directors nor mailed by the Board with notice of the annual meeting. Subsequent to the mailing by Plaintiffs the Board also sent notice of the annual meeting and proxy forms to all members, in compliance with the Association's bylaws.

At the annual meeting, Plaintiffs presented 117 proxy votes. The Association's Judge of Election (the property manager) ruled that the proxies were unacceptable because they were not generated by the Board and were not mailed to the membership by the Board as required by the Association's

bylaws. As a result, Plaintiffs were not allowed to cast the 117 proxy votes, and Plaintiff Wymbs was not reelected to the Board.

Plaintiffs filed a petition in the common pleas court seeking a declaration that the proxies were valid. The common pleas court denied Plaintiffs' petition, noting that the proxies in question did not comply with the bylaws and that a material difference existed between the proxies in question and the Association's proxies. The common pleas court commented that Plaintiffs' proxies were general proxies authorizing Plaintiffs to vote without any encumbrance or direction on all issues, while the Association's proxies addressed several distinct votes regarding bylaw amendments. Plaintiffs appeal the common pleas court's denial of their petition.

Plaintiffs contend that the Association violated Section 5759 of the Pennsylvania Nonprofit Corporation Law of 1988 (NCL), 15 Pa.C.S. § 5759, by refusing to count Plaintiffs' proxies as valid. Plaintiffs argue that the bylaws do not require that only forms distributed by the Board be accepted as valid proxies and that the common pleas court erred in finding a distinction between their proxies and those of the Association.

Section 5759 of the NCL provides in pertinent part:

(a) **General rule.**—*Voting by members of a nonprofit corporation shall be only in person unless a bylaw adopted by the members provides for voting by proxy.* The presence of or vote or other action at a meeting of members, or the expression of consent or dissent to corporate action in writing, *by proxy of a member pursuant to such a bylaw* shall constitute the presence of, or vote or action by, or written consent or dissent of such member for the purposes of this article.

15 Pa.C.S. § 5759 (emphasis added).

Section 3.4(c) of the Association's Bylaws provides:

*The Board of Directors shall provide proper forms, to be sent with a notice of each meeting,* to permit any member unable to attend said meeting to designate a person to

exercise his or her proxy vote at said meeting. (Emphasis added.)

Plaintiffs' proxy forms were not authorized or provided by the Association's Board of Directors, and they were not sent with the mandatory notice of the 1991 annual meeting. As a result, we conclude that they are invalid for failure to comply with Section 3.4 of the Association's bylaws. To hold otherwise and accept Plaintiffs' position that strict compliance with the Association's bylaws is not required, and to allow individual members to circulate their own proxy forms, would promote chaos. Also, as the common pleas court noted, there are significant material differences between Plaintiffs' proxy forms and the Board's proxy forms. In its decision, the court states:

It is undisputed that the forms prepared by the Defendant [Association's Board of Directors] included an area for the proxy voters to instruct the proxy holder how to vote on particular proposed Bylaw amendments. It is also undisputed that the proxies in question [Plaintiffs' proxies] did not include a designation of how to vote on a particular Bylaw amendment, and merely authorized the proxy holder to vote on all matters as they choose.

Opinion of the Common Pleas Court, January 16, 1992, at 2.

The common pleas court did not err in denying Plaintiffs' request that their proxies be declared valid. Accordingly, we affirm.

## ORDER

AND NOW, this 21st day of October, 1992, the order of the court of common pleas court is affirmed.